I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**          MDL No. 2804

## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in 43 actions move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions listed on Schedule A to MDL No. 2804.  Central District of California plaintiff United Healthcare Services, Inc., also requests establishment of a separate MDL consisting of claims against Insys Therapeutics, Inc., in the District of Arizona. Various defendants[1] oppose the motions.

After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country.  *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

Despite some variances among the actions before us, they share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of such drugs.  *See id.*  The actions therefore fall within the MDL's ambit.

---

[*]  Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

[1]     Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc., McKesson Corp. (distributor defendants); Allergan PLC, Allergan Finance, LLC; Actavis LLC, Actavis Pharma, Inc.; Barr Laboratories, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Insys Therapeutics, Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals Inc.; Johnson & Johnson; Mallinckrodt plc; Mallinckrodt LLC; Ortho-McNeil-Jansenn Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc., Par Pharmaceutical, Inc., Par Pharmaceutical Companies, Inc.; Purdue Pharma L.P., Purdue Pharma, Inc., and The Purdue Frederick Company, Inc.; Rhodes Pharmaceuticals;  SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc., and Watson Laboratories, Inc. (manufacturing defendants).

-2-

The parties opposing transfer in 42 actions argue principally that federal jurisdiction is lacking over their cases. But opposition to transfer based on a jurisdictional challenge is insufficient to warrant vacating conditional transfer orders covering otherwise factually related cases.[2] Several parties also argue that including their actions in this large MDL will cause them inconvenience. Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Central District of California plaintiff United HealthCare, which brings claims against Insys for its role in United's purported wrongful coverage of Subsys prescriptions, opposes transfer on the grounds that its action, *United Healthcare*, is unique. United also requests the creation of an Insys-only MDL. We deny the motion to vacate and the request to create a new MDL. Insys initiated Chapter 11 proceedings in early June 2019. Creating a new MDL is inadvisable at this time – no litigation is ongoing at the moment against Insys, pursuant to the automatic stay,[3] and Insys has yet to weigh in on United's proposal. Further, the *United Healthcare* action shares significant factual overlap with many MDL actions. We recently transferred a third-party payor putative class action (of which United presumably would be a member), the crux of which was that Insys perpetrated a scheme to defraud third-party payors of prescription drugs by, among other things, impersonating physician office staff and falsifying patient records to induce third-party payors to pay for prescriptions of Subsys. *See* Transfer Order at 2, and *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804 (J.P.M.L. June 5, 2019) (ECF No. 4537). Moreover, Insys and its role in the proliferation of Subsys is at issue in hundreds of actions brought by other MDL plaintiffs.

---

[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

[3] Where transfer is otherwise appropriate, the Panel transfers actions under Section 1407 even if those actions currently are stayed as the result of bankruptcy proceedings. *In re Ephedra Prods. Liab. Litig.*, 416 F. Supp. 2d 1358, 1359-60 (J.P.M.L. 2006) (transferring actions subject to bankruptcy stay). Section 1407 transfer does not affect the operation of the bankruptcy stay. Claims stayed in the transferor court remain stayed in the transferee court. The Panel is simply indicating the place where proceedings will occur when the stay is lifted. Any questions concerning the effect of the stay and any modification thereof are matters to be worked out by the involved courts and the parties.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Lewis A. Kaplan           R. David Proctor
Catherine D. Perry      Karen K. Caldwell

**IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**                    MDL No. 2804

## SCHEDULE A

Central District of California
UNITED HEALTHCARE SERVICES, INC. v. INSYS THERAPEUTICS, INC.,
    C.A. No. 8:19‒00545

Northern District of California

COUNTY OF ALAMEDA, CALIFORNIA, ET AL. v. PURDUE PHARMA L.P.,
    ET AL., C.A. No. 3:19‒02307
CITY OF COSTA MESA, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒02320
CITY OF FULLERTON, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒02321
CITY OF IRVINE, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:19‒02323
CITY OF SANTA ANA, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒02324
CITY OF WESTMINSTER, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒02325
CITY OF SAN CLEMENTE, ET AL. v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒02326

District of Maryland

THE CITY OF ANNAPOLIS, MARYLAND v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 1:19‒01162

District of New Hampshire

STRAFFORD COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00325
BELKNAP COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00326
CHESHIRE COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00328
TOWN OF BELMONT, NH v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 1:19‒00329
CITY OF CLAREMONT, NH v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 1:19‒00331
GRAFTON COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00332
ROCKINGHAM COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00333
SULLIVAN COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00334

Eastern District of Oklahoma

PITTSBURG COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
    PHARMA, LP, ET AL., C.A. No. 6:19‒00100

- A2 -

Northern District of Oklahoma

CITY OF OWASSO v. PURDUE PHARMA L.P., ET AL., C.A. No. 4:19‒00171

Western District of Oklahoma

CITY OF YUKON v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00280
CITY OF MUSTANG v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00339
CITY OF MIDWEST CITY v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00345
CITY OF ENID v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00351

Southern District of Texas

COUNTY OF WALKER v. OPTUMRX, INC., ET AL., C.A. No. 4:19‒01767

Eastern District of Virginia

FAUQUIER COUNTY, VIRGINIA v. MALLINCKRODT LLC, ET AL.,
    C.A. No. 1:19‒00364
BOARD OF SUPERVISORS, PRINCE WILLIAM COUNTY v. PURDUE PHARMA
    L.P., ET AL., C.A. No. 1:19‒00365
FAIRFAX COUNTY BOARD OF SUPERVISORS v. PURDUE PHARMA, L.P.,
    ET AL., C.A. No. 1:19‒00544
CITY OF CHESAPEAKE, VIRGINIA v. ACTAVIS, LLC, ET AL.,
    C.A. No. 2:19‒00183
ACCOMACK COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 2:19‒00184
NORTHUMBERLAND COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒00246

Western District of Virginia

CITY OF BRISTOL, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 1:19‒00011
LOUISA COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒00027
MADISON COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 3:19‒00028
HALIFAX COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
    C.A. No. 4:19‒00021
CITY OF LEXINGTON, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 6:19‒00021
ROCKBRIDGE COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,

- A3 -

    C.A. No. 6:19‒00025
ROANOKE COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00271
CITY OF ROANOKE, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00272
CITY OF SALEM, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00273
ALLEGHANY COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00275
FRANKLIN COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00302
FLOYD COUNTY, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00371
CITY OF COVINGTON, VIRGINIA v. PURDUE PHARMA L.P., ET AL.,
    C.A. No. 7:19‒00372